[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12712 and No. 10-15047
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 6, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cr-14059-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES T. BYRNE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(September 6, 2011)

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

James Byrne appeals his conviction and sentence for producing child

pornography.  18 U.S.C. § 2251(a).  Byrne challenges the denial of his motion to

withdraw his guilty plea and the enhancement of his sentence. Although this Court invited Byrne and the United States to address whether the district court had jurisdiction to impose restitution, the parties have not discussed the issue, and neither will we. We affirm.

The district court did not abuse its discretion by denying Byrne's motion to withdraw his guilty plea. Byrne's plea agreement and the plea colloquy establish that Byrne was aided by counsel in reaching a decision to plead guilty, he understood his constitutional rights, and he knowingly and voluntarily waived those rights. Byrne, who served more than 20 years as a deputy chief clerk in a New York court, admitted during the plea colloquy that the factual basis appended to his plea agreement "accurately set[] forth the facts" of his crime. Byrne argues that the factual basis was revised before the plea colloquy and "he was unclear as to exactly what he had signed," but the parties revised only one paragraph about two "additional images depicting [the victim] engaged in sexual activity," which left undisturbed Byrne's admissions about "engaging in sexual activity with [the victim], . . . for the purpose of producing visual images of that sexual activity" and producing "over 300 images of child pornography involving the minor child," including two images on which Byrne's "face [was] visible as he perform[ed] oral sex on [the victim]." Byrne complains about the hurried pace of the plea colloquy,

2

but the magistrate judge instructed Byrne to stop the proceedings any time that there was "something that [he] [did] not understand" or if he "need[ed] to . . . consult with [his] attorney." Byrne failed to provide any "fair and just reason for requesting" to withdraw his guilty plea. Fed. R. Crim. P. 11(d)(2)(B).

Byrne argues that the district court incorrectly applied three enhancements to his sentence, but these arguments are barred by the appeal waiver in Byrne's plea agreement. The plea agreement provided that Byrne waived the right to appeal his sentence "unless the sentence exceed[ed] the maximum permitted by statute or [was] the result of an upward departure from the guideline range that the [district] [c]ourt establishe[d] at sentencing," and Byrne twice acknowledged those limitations during the plea colloquy. Byrne knowingly and voluntarily waived the right to appeal his sentence. See United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001).

We **AFFIRM** the denial of Byrne's motion to withdraw his guilty plea.